

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6786
Re: May the Comptroller of
Public Accounts pass for
payment accounts incurred
for the purchase of notary
seals and other equipment
necessary to perform the
duties of a notary public

Your request for an opinion of this department
reads as follows:

"In your Opinion No. C-6637 you held
that payment of notary bond premiums
of State employees was not a legal
charge against State funds.

"You will please advise whether or not
I can pass for payment accounts incurred
for the purchase of notary seals and any
other equipment necessary to perform the
duties of a notary public."

In our Opinion No. 0-6637, dated June 23, 1945,
and addressed to the Honorable Weaver H. Baker, Chairman,
State Board of Control, we held that the payment of bond-
ing fees for notaries public by the State would contravene
Article 3, Section 51, of our Constitution which prohibits
the legislature from making grants of public moneys to in-
dividuals. It was there pointed out that a notary public
is a public officer and charged with certain statutory
duties. Even though a notary be employed by the State and
his services utilized principally in connection with State
business, it was our view that as a public officer such a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard - page 2

notary could still exercise his notarial functions for his own private gain according to the provisions of law under which he qualified. We also took note of the fact that all State departments in carrying out their functions have a keen need for this type of service for which no provision has been made.

In your request you present a question which is readily distinguishable from that involving a notary bond. You have asked about the authority of the State to pay for the purchase of notary seals and other equipment necessary to perform the duties of a notary public. Assuming that a proper appropriation provision exists authorizing the payment of such expense, we see no legal objection to the payment of these items provided they are to be used exclusively of State's business. Unlike the notary bond situation, the equipment inquired about can be retained in the exclusive possession of the State and its use restricted to State's business only. If we are correct in our assumption made above, we think you would be authorized to pass for payment the accounts in question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Eugene Alvis

Eugene Alvis
Assistant

EA:xd